# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Criminal No.   PWG-18-0525** |
| **CHRISTOPHER ANDREW SMITH** | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MOTION TO SUPPRESS STATEMENTS

Mr. Christopher Smith, through undersigned counsel, hereby moves this Honorable Court pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure to suppress any and all statements, admissions, and confessions ("statements") allegedly given by Mr. Smith, whether oral, written or otherwise recorded, which the government proposes to use as evidence at trial.   In support whereof, Mr. Smith alleges as follows:

1.      Mr. Smith is charged in a five-count Indictment with involuntary manslaughter, 18 U.S.C. § 1112; possession of a controlled substance and a controlled substance analogue, 21 U.S.C. § 844; and three traffic offenses under the Maryland Transportation Article (prohibited on National Park Service land under 36 C.F.R. § 4.2.)

2.      Discovery indicates that Mr. Smith allegedly made certain statements to law enforcement.   This motion seeks to exclude all alleged statements which the government may seek to introduce at trial, whether or not such statements are yet known to counsel or are specified herein.

3.      Without limitation, however, the following alleged statement is specifically at issue: A statement made by Mr. Smith to law enforcement officers on February 14, 2018 while in police custody at the Washington Hospital Center.   An audio recording of this statement was produced in discovery.   A certified transcript prepared from this recording at the request of

undersigned counsel is attached as Exhibit A.[1]   A police report received in discovery alleges that Mr. Smith made additional, unrecorded statements to police after the audio recording device was switched off.   The instant Motion seeks suppression of all statements, both recorded and unrecorded.

4.    Mr. Smith is entitled to a hearing regarding the voluntariness of any alleged statements in accordance with the provisions of 18 U.S.C. § 3501 and the principles set forth in *United States v. Inman*, 352 F.2d 954 (4th Cir. 1965).   If, at such hearing, the government fails to establish that such statements were not obtained in violation of Mr. Smith's privilege against self-incrimination, nor his right to counsel as guaranteed by the Fifth and Sixth Amendments to the United States Constitution, nor the Supreme Court's holding in *Miranda v. Arizona*, 384 U.S. 436 (1966), *and* were not otherwise involuntary, *see Mincey v. Arizona*, 437 U.S. 385 (1978); *McNabb v. United States*, 318 U.S. 332 (1943), such statements should be suppressed.

5.    While the government bears the burden of establishing the admissibility of the statement, *United States v. Robinson*, 404 F.3d 850, 859 (4th Cir.2005), Mr. Smith herein asserts that the statement is *inadmissible* on at least the following grounds:

A. *First,* that Mr. Smith did not in fact waive his rights under *Miranda*, but in fact affirmatively stated that he did not waive such rights.   *See* Ex. A at 1-8.

B. *Second*, that as a result of Mr. Smith's medical condition (including pain and the influence of pain medications), any purported waiver of Mr. Smith's *Miranda* rights was not "made with a full awareness of both the nature of the right being abandoned and the

---

[1] In compliance with the Court's redaction rules, the name of the minor decedent has been redacted on the one occasion it appears.

consequences of the decision to abandon it." *United States v. Cristobal*, 293 F.3d 134, 140 (4th Cir. 2002) (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)).

C.    *Third*, that the actions of the interrogating officers—including their persistence in the face of Mr. Smith's refusals, his compromised medical condition, and his extreme grief and distress upon their informing him of the death of his best friend's daughter in the accident—rendered any purported waiver of Mr. Smith's *Miranda* rights not "voluntary in the sense that it was the product of free and deliberate choice rather than intimidation, coercion, or deception." *Cristobal*, 293 F.3d at 139 (quoting *Moran*, 475 U.S. at 421).

D.    *Fourth*, that these same actions of the interrogating officers rendered the statement itself involuntary under the Fifth Amendment, even assuming *arguendo* a valid waiver of *Miranda* rights, because the statement was not "the product of a rational intellect and a free will." *Mincey*, 437 U.S. at 398.

6.    If Mr. Smith's statement is suppressed, all derivative evidence obtained as a result of information learned by law enforcement from Mr. Smith's statement should also be suppressed under *Wong Sun v. United States,* 371 U.S. 471 (1963) and *Brown v. Illinois*, 422 U.S. 590 (1975).

**WHEREFORE**, Mr. Smith moves that all statements, admissions and confessions which the government proposes to use as evidence against him, whether oral, written or otherwise recorded, be suppressed.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

_____/s/_____

DOUGLAS R. MILLER (Bar # 18309)
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770-4510
Phone: (301) 344-0600
Fax: (301) 344-0019
Email: douglas_miller@fd.org

## **REQUEST FOR HEARING**

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the

District of Maryland, a hearing is requested on Defendant's motion.

_____/s/_____

DOUGLAS R. MILLER (Bar # 18309)
Assistant Federal Public Defender