**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal No.   PWG-18-0525 |
| **CHRISTOPHER ANDREW SMITH** | * | |

\* \* \* \* \* \* \* \* \* \*

## MOTION TO SUPPRESS EVIDENCE SEIZED PURSUANT TO SEARCH WARRANTS AND DERIVATIVE EVIDENCE

Mr. Christopher Smith, through undersigned counsel, pursuant to Federal Rule of Criminal Procedure 12(b)(3) hereby moves this Honorable Court to suppress any evidence seized in violation of the Fourth Amendment to the United States Constitution. In support whereof, Mr. Smith states the following:

1. Mr. Smith is charged in a five-count Indictment with involuntary manslaughter, 18 U.S.C. § 1112; possession of a controlled substance and a controlled substance analogue, 21 U.S.C. § 844; and three traffic offenses under the Maryland Transportation Article (prohibited on National Park Service land under 36 C.F.R. § 4.2.)

2. This Motion seeks suppression of all evidence seized pursuant to three search warrants in this case: (1) A warrant for the search of a residence on Broken Bow Court in Beltsville, Maryland issued on February 7, 2018 by the Circuit Court for Prince George's County (Engel, J.) and executed the same day; (2) a warrant for the forensic search of an Event Data Recorder from a 2011 Nissan automobile issued on May 23, 2018 by the Superior Court of the District of Columbia (Judge's name not legible) and executed the following day; and (3) a warrant

for a buccal DNA swab of Mr. Smith's person, issued on March 26, 2018 by this Court (Sullivan, M.J.) and executed on an unknown date thereafter.[1]

4.  It is herein alleged that the affidavits provided in support of the applications for the warrants failed to establish probable cause to permit the searches and/or seizures authorized. As such, the warrants should not have issued. The Fourth Amendment requires that no search warrant shall issue without probable cause. Probable cause means a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). In evaluating the propriety of the warrant issued, this Court must determine whether there is substantial evidence in the record to support the magistrate's decision to issue the warrant. *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984). While this Court should pay "great deference" to findings of probable cause, it does not mean that warrants should be upheld when based on objectively unreasonable grounds for believing the warrant is valid. *Gates*, 462 U.S. at 236.

5.  The "good faith" exception to the exclusionary rule noted in *United States v. Leon,* 468 U.S. 897 (1984), does not apply to these searches and seizures because the activity of law enforcement in this case was objectively unreasonable. The "good faith" exception does not apply in this case for one or more of the following reasons: 1) the Search Warrant was issued in reliance on misleading omissions in the application; 2) the magistrate acted as a "rubber stamp" in approving the search warrant, rather than in "neutral and detached" fashion; 3) the application was

---

[1] The Event Data Recorder (EDR) warrant and buccal swab warrants may be moot issues depending on the government's response to this Motion. Discovery suggests that the EDR did not yield any meaningful data, and government counsel has indicated to defense counsel that no DNA samples were in fact submitted for analysis. These warrants are nevertheless included in this Motion in the event that the government has a different view on the relevance of the EDR data, or later elects to submit DNA samples for analysis.

legally insufficient for a determination of probable cause; and/or 4) the application was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 914-923 (citations omitted). In essence, *Leon*'s "good faith" exception is not applicable because "this is not a case of 'objectively reasonable law enforcement activity.'" *United States v. Wilhelm*, 80 F.3d 116, 123 (4th Cir. 1996).

6. Any additional searches and seizures, whether pursuant to warrants or warrantless, were also unreasonable and in violation of the Fourth Amendment.

7. All fruits of these unreasonable searches, including without limitation statements and tangible evidence, should be suppressed pursuant to *Wong Sun v. United States,* 371 U.S. 471 (1963).

8. Because both discovery and investigation of this case are ongoing, the defense reserves the right to supplement this motion, as well as to move for suppression of evidence based on grounds not now discernible such as, but not limited to, rights under *Franks v. Delaware*, 438 U.S. 154 (1978).

**WHEREFORE**, the Defendant requests that this Court grant an Order of Suppression on the grounds alleged herein, in any supplemental memoranda, and any other grounds that may become apparent upon a hearing on the motion.

          Respectfully submitted,

          JAMES WYDA
          Federal Public Defender

          _____/s/_____
          DOUGLAS R. MILLER (Bar # 18309)
          Assistant Federal Public Defender
          6411 Ivy Lane, Suite 710
          Greenbelt, Maryland 20770-4510
          Phone: (301) 344-0600
          Fax: (301) 344-0019
          Email: douglas_miller@fd.org

## **REQUEST FOR HEARING**

    Pursuant to Rule 105.6 of the Local Rules of the United States District of Maryland, a hearing is requested on the defendant's Motion.

          _____/s/_____
          DOUGLAS R. MILLER
          Assistant Federal Public Defender