IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | *   **CRIMINAL NO. PWG-18-525** |
| | * |
| **CHRISTOPHER ANDREW SMITH,** | * |
| | * |
| **Defendant** | * |

...ooOoo...

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its Attorneys, Robert K. Hur, United States Attorney for the District of Maryland, and Hollis Raphael Weisman and Dwight J. Draughon, Assistant United States Attorneys for said District, submits the following Memorandum to support its recommendation that the Defendant receive a total sentence of 18 months imprisonment, to be followed by three years of supervised release.

*BACKGROUND*

On February 5, 2018, Defendant Christopher Smith drove a 2011 Nissan Altima on the Baltimore-Washington Parkway ("Parkway") around 11 p.m. Smith was accompanied by an adult male in the front passenger seat and that male's three-year old daughter in the back seat. As described by a witness ("W1"), Smith was driving north in the right lane at a high rate of speed behind W1 before Smith attempted to pass the W1's vehicle on the right shoulder near the exit for Route 198. W1 stated that it believed Smith struck the curb on the east side of the right lane then swerved into the left lane of the Parkway. W1 then stated that the Nissan then lost control and drifted into the left lane. W1 did not see whether Smith's vehicle went into the median, but called 911 immediately.

1

When the first-responding US Park Police officers and Anne Arundel County Fire units arrived to the scene described by W1, they located Smith's vehicle in a ditch within the wooded median leaning against a tree with severe damage. Smith was found partially ejected from the vehicle and hanging from within the sunroof area while suffering from critical injuries. The front-seat passenger was trapped underneath the car, also with critical injuries. The two adults were immediately evacuated to hospitals by helicopter for treatment. The three-year-old girl, who was not secured with a child's seat or seat belt, was located in the woods a few feet north of the Nissan. She appeared to have been ejected from the vehicle and was pronounced deceased on scene by members the Anne Arundel Fire Department.

The Defendant went to trial in this case on January 27, 2020, after the parties picked a jury the previous week. The jury returned a partial verdict of guilty on counts two (reckless driving), three (driving without a license), and four (failure to place a child in a safety seat) on January 29, 2020. Later that day, after several additional hours of deliberation, the jury returned a guilty verdict on count one (involuntary manslaughter).

### *SENTENCING GUIDELINES*

The statute itself, 18 U.S.C. § 1112(a), carries a maximum penalty of eight years of imprisonment and three years of supervised release. The pre-sentence report calculates a sentencing guideline range of 51 to 63 months imprisonment, based on an Offense Level of 22 and a Criminal History Category of III. The Government agrees with that calculation.

### *SENTENCING FACTORS*

Under 18 U.S.C. § 3553(a)(2), this Court must consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. Here, the offenses are extraordinarily serious. Someone died – A.D., a little girl who did not see her fourth birthday. The child's father died before the trial. Her mother

and grandfather were so traumatized by her death that neither one of them wants anything to do with this criminal case; it is too painful for them. Not only did the Defendant kill A.D., he also impacted her entire family. The Defendant deserves to be punished with a sentence of imprisonment and a maximum term of supervised release.

Deterrence is another significant factor for the Court to consider in sentencing. The defendant did not take seriously the fact that he did not have a license to drive. He had no business being behind the wheel of that car under any circumstances. Driver's licenses are an attempt to make sure that only competent drivers are on the roads. Furthermore, the Defendant had no business agreeing to transport a child without a safety seat. As a father himself, the Defendant obviously knew the importance of that requirement. But he chose to ignore it. Both the Defendant and the community at large need to be taught that these offenses may have tragic consequences. The Government hopes that an eighteen-month sentence of imprisonment and three years of supervised release will deter the Defendant from engaging in such dangerous activity in the future.

Despite these arguments, the Government is asking this Court to impose a below-guidelines sentence of eighteen months of imprisonment. The Government acknowledges, from the testimony of the Defendant's family members at trial, that the offense did have an impact on him. The Government hopes that he has learned his lesson.

*CONCLUSION*

For the reasons stated above, the Government submits that a sentence of imprisonment of 18 months of imprisonment and 3 years of supervised release is appropriate and no greater than necessary to achieve the goals established by Congress under 18 U.S.C. § 3553.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____
Hollis Raphael Weisman
Assistant United States Attorney
Bar number 11465
6500 Cherrywood Lane
Greenbelt, Maryland  20770
301-344-4029 (desk); 301-344-4516 (FAX)
hollis.weisman@usdoj.gov


_____/s_____
Dwight J. Draughon
Assistant United States Attorney